### JACOB VON TOBEL

*v.*

### JOSEPH K. OSTRANDER.

*Filed at Ottawa October 11, 1895.*

1. MECHANIC'S LIENS—*purchaser with actual notice not affected by claim filed after four months.* Knowledge by a purchaser of real estate, at the time of his purchase, that a claim for mechanic's lien on the property had been filed with the circuit clerk, but that it was filed after the expiration of the four months allowed by law, (3 Starr & Curtis, sec. 28, p. 822,) will not affect such purchaser's title to the property.

2. APPEALS AND ERRORS—*when exceptions to master's findings not necessary on appeal.* Exceptions to a master's findings are not necessary to permit a review, on appeal, of a decision which reversed a decree upon the findings but did not question their correctness.

*Ostrander* v. *Von Tobel*, 56 Ill. App. 381, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Herbert Powell, for appellant:

If the objections are not sustained, and the master adheres to his report, it is returned into court, when the party objecting may file exceptions, upon the hearing of which the whole evidence is brought forward and passes in review before the court. *Pennell* v. *Insurance Co.* 73 Ill. 306; *McClay* v. *Morris*, 4 Gilm. 386; *Price* v. *Cutler*, 60 Ill. 271; *Wolfe* v. *Bradberry*, 140 id. 582; *Hurd* v. *Goodrich*, 59 id. 456.

No errors will be considered by the court but such as are assigned upon the record. *Ditch* v. *Sennott*, 116 Ill. 291; *Gage* v. *Brown*, 125 id. 524; *Gilbert* v. *Maggord*, 1 Scam. 471; *Insurance Co.* v. *Foote*, 79 Ill. 361; *Jackson* v. *Warren*, 32 id. 331; *Hyslop* v. *Finch*, 99 id. 185; *Railroad Co.* v. *Reich*, 101 id. 157.

C. C. Strawn, and A. C. Norton, for appellee:

We understand the law to be that a mechanic's lien proceeding, being in derogation of the common law, is strictly construed against the lienor. *Boals* v. *Intrup*, 40 Ill. App. 62; *McDowell* v. *Rosengarten*, 134 Ill. 131; *Campbell* v. *Jacobson*, 145 id. 389.

The last payment was due when the lumber was delivered, and this was nearly ten months before the notice was filed; and yet the law required appellant to file it within four months, otherwise he had no rights against appellee. Starr & Curtis, chap. 82, secs. 4, 28.

Mr. Justice Wilkin delivered the opinion of the court:

This was a proceeding in the circuit court of Livingston county, by appellant, against appellee and others, to enforce a lien under the provisions of chapter 82 of our statute. The petitioner alleged that on June 28, 1889, he sold to F. P. Davis certain materials for a dwelling house on premises owned by him, to be furnished on or before June 28, 1890, and paid for in one year from the time of last delivery; that the material was furnished as con-

tracted for, and used by Davis on the premises, for which he owed the petitioner $102, with interest.   The petition then averred that this appellee claimed some interest in the premises, but that his claim was subject to the rights of petitioner; that on February 28, 1891, petitioner filed notice of his lien in the office of the circuit clerk of said Livingston county.   Appellee, by his answer, denied that any time was fixed for the payment of the price of the materials sold; also the existence of the alleged indebtedness, or that sufficient notice had been given or filed to entitle complainant to a lien, and averred that a period of more than four months had elapsed from the time the last materials, if any, were furnished or the last payment was due before complainant filed his notice of lien or filed for record any paper whereby innocent purchasers might be notified of his rights, and that on May 1, 1891, he (appellee) purchased said premises of F. P. Davis for a valuable consideration, and received from him a deed of conveyance for the same, which was recorded, and immediate possession taken, which he still retains.

The cause was first referred to a master to take and report the evidence, and upon the coming in of that report it was again referred to him to state and report his conclusions.   He found and reported, among other things, that "a lien notice for said lumber   *   *   *   was filed in the recorder's office February 28, 1892; that said notice was in compliance with the law, and properly verified, but had not been filed until a period of nearly ten months had elapsed after the last of said lumber had been sold and delivered, which was sold and delivered on April 22, 1890; that notice of said lien had not been filed in the recorder's office within four months after the last of said lumber had been furnished to said Davis, as required by law to make it a lien against a creditor, incumbrancer or purchaser of said premises without notice; that Joseph K. Ostrander purchased all of said premises of said Davis May 1, 1891, and that he knew of the filing of the notice

of said lien on the day the same was filed, to-wit, February 28, 1891, and had full knowledge of said notice at the time he contracted for and purchased the said premises." The master, in his final report, recommended that a decree be rendered in favor of the petitioner against the premises of appellee, and it was done accordingly, the amount due being fixed at $98.50. On appeal to the Appellate Court that decree was reversed, and the petitioner below now prosecutes this appeal.

Section 4 of chapter 82 (3 Starr & Curtis, p. 819,) requires every creditor or contractor who wishes to avail himself of the provisions of the act in regard to mechanic's liens, to file with the clerk of the circuit court a just and true statement, etc., verified by an affidavit. Section 28 (id. p. 822) is as follows: "No creditor shall be allowed to enforce a lien created under the provisions of this act, as against or to the prejudice of any other creditor or incumbrancer or purchaser, unless a claim for a lien shall have been filed with the clerk of the circuit court, as provided in section 4 of this act, within four months after the last payment shall have become due and payable." It is clear, from the findings of the master, no decree could be rendered against appellee unless there is something in the case to take him out of the protection given a "purchaser" under this section of the statute.

It is insisted by counsel for appellant that the evidence in the record establishes the fact that appellee, when he purchased the property from Davis, agreed to take it subject to this lien. If that position were sustained by the record it might be said that the decree of the circuit court was not prejudicial to appellee as a purchaser of the property. But such is not the case. The master does not find that there was any such agreement, nor do we think the evidence would have authorized any such finding. It is manifest from the master's report that he recommended the decree upon the sole ground that the defendant, Ostrander, purchased the property

with knowledge of the filing of the notice of lien, and this raises the question whether section 28, *supra*, is to be applied only to purchasers who have no notice of a claim of lien. It is not even found by the master that Ostrander knew, at the time of his purchase, that appellant then claimed to have an existing lien against the property, but only that he knew of the filing of the notice. He also knew of the other fact, found by the master, that such notice had not been filed within the time required by the statute in order to create a valid lien against him as a subsequent purchaser. In other words, knowing all the facts found by the master, he might assume that under this section of the statute no valid lien could be enforced against him, and in doing so we think he was clearly justifiable.

The lien given a material-man or mechanic under our law is purely statutory, and can only be enforced in conformity with the provisions of the statute; and we think it too clear for argument that the mere fact that a party interested in the premises may have notice of the fact that the statute has not been complied with will not give validity to the lien. The filing of the notice in this case, nearly ten months after the last payment became due, amounted to no more than if it had not been filed at all, as against appellant. We think the decision of the Appellate Court is sustained by the ruling of this court in *McDonald* v. *Rosengarten*, 134 Ill. 126, and *Campbell* v. *Jacobson*, 145 id. 389.

It is insisted, however, by appellant, that the question here raised is not properly presented, for want of exceptions to the master's report, and a considerable portion of appellant's argument is devoted to a discussion of the proper practice in excepting to a master's report. We do not feel called upon to inquire whether the exceptions filed before the master covered the point in question, or whether these exceptions were properly renewed before the court. It was said in *Hurd* v. *Goodrich*, 59 Ill. 450:

"Where the master, by his report, states all the facts correctly, but is mistaken as to the legal consequences of those facts, it is not necessary for the party dissatisfied with the master's finding to except to the report, as the question decided by the master may be opened, upon further directions, without exceptions,"—citing 2 Daniell's Ch. Pr. 1492. So here, the decision does not question the correctness of the master's finding of facts, but simply holds that under these facts the decree of the circuit court is erroneous.

Numerous other grounds of reversal were urged in the Appellate Court and are insisted upon here, showing that the decree of the circuit court was erroneous, but in view of what is here said a consideration of those points is not necessary.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*