**In re Henry Dean SABERMAN, Debtor.**

**Bankruptcy No. 79 B 39709.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

March 31, 1980.

Leonard Malkin, Mandel, Lipton & Stevenson, Ltd., Chicago, Ill., for Henry Dean Saberman, the debtor.

Gregory L. Tumbarello, Chicago, Ill., for AAA Building Maintenance Co., the creditor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

AAA Building Maintenance Co., (AAA) is a building contractor and a creditor. AAA has filed an objection to the Chapter 13 wage earner plan of Henry Dean Saberman, the debtor herein. The plan as proposed contemplates a sale of the debtor's real estate and provides for payment in full to secured creditors and a composition payment to unsecured creditors. AAA objects to this plan because the terms of the plan do not provide for payment in full for the work on debtor's residence. It is undisputed that the real estate was improved as a result of the labor and materials provided by the claimant.

318

AAA was engaged to provide certain improvements to the debtor's premises. The date last worked on this job was May 5, 1978. AAA filed its mechanics' lien for $1400 in January or February of 1980, subsequent to debtor's filing of its Chapter 13 petition.

The issues presented here are whether the mechanics' lien is avoidable as the debtor asserts and if so, whether and to what extent a Chapter 13 debtor may exercise the avoiding powers of a trustee. AAA asserts that an Illinois mechanics' lien may be perfected subsequent to the filing of a bankruptcy petition and its interest must therefore be recognized as a secured obligation. If the creditor prevails on the perfection issue, the issue of the debtor's avoidance power is moot.

 It is clear that a mechanics' lien is a statutory lien, as defined in the Bankruptcy Code. 11 U.S.C. sec. 101(38). The legislative history of the Code makes this explicit. "A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on a judicial action. Mechanics', materialmen's, and warehouseman's liens are examples." H.Rept.No. 95—595, 95th Cong. 1st Sess. (1977) 314; S.Rept.No. 95–989, 95th Cong. 2d Sess. (1978) 27, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6271. As a general rule, statutory liens survive the filing of a petition under the Bankruptcy Code so long as the statutory requirements have been strictly complied with.

11 U.S.C. sec. 545 provides that:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—(2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser who purchases such property on the date of the filing of the petition, whether or not such purchaser exists; . . .

This expression of the trustee's power to avoid statutory liens is limited by 11 U.S.C. sec. 546(b), which provides that: "(b) The rights and powers of the trustee under section 544, 545, or 549 of this title are subject

to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection." The import of this section is that if under applicable law, here the Illinois Mechanics' Lien Act, a later perfection will relate back prior to the bankruptcy filing, the subsequent perfection will be good against the trustee and the lien will not be avoided.

 Under Illinois law an inchoate mechanics' lien arises upon the substantial completion of the work contracted for. Upon filing and perfection, the date of perfection relates back to the date upon which the inchoate lien arose. *Decatur Bridge Co. v. Standart*, 208 Ill.App. 592, 595 (1917). The Illinois Mechanics' Lien Act, Ch. 82, Ill.Rev.Stat., sec. 7 provides, in pertinent part:

No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within four months after completion, . . . he shall either bring suit to enforce his lien therefor or shall file in the office of the recorder of deeds of the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien. . . . Such claim for lien may be filed at any time after the contract is made, and as to the owner may be filed at any time after the contract is made and within two years after the completion of said contract . . . .

Thus, if a claim for a lien is filed within four months after day of completion of performance, then the lien will prevail against the original owner and other creditors, incumbrancers and purchasers.

 However, if it is filed after four months but within two years, the lien will prevail only against the original owner but not third persons. Therefore, if a claim for lien is filed more than four months after completion of performance, it cannot prevail against one whom became a bona fide purchaser prior to its filing.

■ This view has been strictly adhered to by the courts. Even where a purchaser has, at the time be purchased, actual knowledge that a claim has been filed against the property, this claim for lien will be ineffective if it was filed more than four months after completion of performance. As stated in *Von Tobel v. Ostrander*, 158 Ill. 499, 42 N.E. 152, 153 (1895):

The lien given a material man or mechanic under our law is purely statutory, and can only be enforced in conformity with the provisions of the statute; and we think it too clear for argument that the mere fact that a party interested in the premises may have notice of the fact that the statute has not been complied with will not give validity to the lien. The filing of the notice in this case nearly ten months after the last payment became due amounted to no more than if it had not been filed at all, as against appellant.

Knowledge that the statute has not been complied with cannot give validity to the lien. *Von Tobel* at 503, 42 N.E. at 153; *Sexton Manufacturing Co. v. Singer Sewing Machine Co.*, 194 F. 56 (7th Cir. 1911).

Arguments based on theories of actual or constructive notice of the lien where the lien was filed outside of the four month period were dismissed in *Von Tobel*. Even where a subsequent purchaser admittedly had knowledge that a claim was filed before he purchased but outside of the four month period, the Court held that the lien could not be given validity. 158 Ill. 503, 42 N.E. 153.

The mechanics' lien in the instant case was filed outside of the four month period and would not be good against a bona fide purchaser. Therefore, pursuant to Illinois law, this lien can be avoided by one standing in the shoes of such a purchaser.

11 U.S.C. sec. 545 is derived from sections 67b and 67c of the former law. As explained by George M. Treister,

[t]he thought is, if a statutory lien is good against a bona fide purchaser, then that is a real property interest, but if the state says we don't want to give the lienor that much, we will let a BFP cut off the statutory lienor's rights, then that is not enough of a property interest to be recognized in bankruptcy and will be invalidated as a priority. That is how they get at those liens which are not good against a BFP through Section 67c.

Plenary Sessions of Regional Bankruptcy Seminars, 1976–1977, From Presentations by George M. Treister (Federal Judicial Center, December, 1977).

■ The legislative history of 11 U.S.C. sec. 545 discloses that sections 67b and 67c are to be followed.[1] The Illinois Mechanics' Lien Act, by virtue of the two periods of limitation set forth—four months and two years—limits the rights of a lienor versus a bona fide purchaser or one standing in his shoes. Here the lienor, by its failure to file its claim for lien within the four month period, has an insufficient property interest to file a secured claim or to be entitled to what amounts to a priority in bankruptcy. Therefore, its claim is unsecured.

■ The question remains: does Henry Saberman, the property owner against whom AAA did perfect its lien within two years, in his role as a Chapter 13 debtor, stand in the shoes of a trustee so as to invoke the lesser four month statutory period within which AAA failed to perfect its lien? We conclude that he does insofar as the amount avoided impairs his exempt property under section 522. Section 522(g) and (h) provide:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under sub-

---

1. It should be noted that while the Report of the Commission on the Bankruptcy Laws of the United States recommended invalidating statutory liens with few exceptions, the Code as enacted rejects that restrictive approach and follows prior law. *See* R. B. Hagedorn, *The Survival and Enforcement of the Secured Claim Under the Bankruptcy Reform Act of 1978*, 54 Am.Bankr.L.J. 1, 20 (1980).

section (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property; or (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(h) The debtor may avoid a transfer of property of the debtor or recover a set off to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

The legislative history is particularly illuminating:

Subsection (g) provides that if the trustee does not exercise an avoiding power to recover a transfer of property that would be exempt, the debtor may exercise it and exempt the property, if the transfer was involuntary and the debtor did not conceal the property. . . . [T]he section is primarily designed to give the debtor the rights the trustee could have, but has not, pursued.

\* \* \* \* \* \*

Subsection (h) permits recovery by the debtor of property transferred by an avoided transfer from either the initial or subsequent transferees. It also permits preserving a transfer for the benefit of the debtor. In either event, the debtor may exempt the property recovered or preserved.

■ Thus, if a transfer is avoidable by a trustee, the debtor may avoid such transfer if the trustee does not choose to act and if: (1) the transfer was involuntary, (2) the debtor did not conceal the property, and (3) the debtor could have exempted such property but for the transfer.

The creation of a mechanics' lien is not a voluntary act by the debtor. 11 U.S.C. sec. 101(38) and legislative history quoted supra, p. 2. Merely ordering the work done does not create a consensual lien or security interest. As previously discussed, such a lien is created by operation of the statute, is involuntary as far as the property owner is concerned and must be strictly construed. Therefore, the $1400 mechanics' lien herein may be avoided pursuant to section 522 to the extent the debtor's allowable exemptions may be impaired by it. *See* R. L. Hughes, *Code Exemptions: Far-Reaching Achievement*, 28 DePaul L.Rev. 1025, 1037–39 (1979).

In the recent case of *In re Norman Lee Carter, Jr. and Icey Jean Carter*, 1 C.B.C.2d 381, 2 B.R. 321 (D.Colo.1980), the court denied a Chapter 13 debtor's attempt to avoid an unperfected UCC security interest in household furnishings, holding that a Chapter 13 debtor is not entitled to assert the strong arm powers of a trustee (11 U.S.C. sec. 544), leaving undecided what, if any, strong arm powers a Chapter 13 trustee has under the Code.

*Carter* is distinguished from the instant case by the fact that a purchase money security interest, albeit under an improper UCC filing, is nonetheless a *voluntary* transfer by the debtor who cannot therefore assert a trustee's power to avoid a statutory lien under sec. 522(g) and (h). Since the transfer in *Carter* was voluntary, the question of whether the lien attached to what might otherwise have been exempt property was immaterial. (There is no indication in *Carter* that the lien could have attached to exempt property.) Here the mechanics' lien attaches to the debtor's residence, as to which the debtor has elected to file a claim of homestead under Illinois law; and, if unperfected, said lien may be avoided to the extent that the debtor's homestead exemption would otherwise be impaired.

■ Moreover, it seems apparent to this Court, since the Chapter 13 trustee "shall serve as trustee in the case", 11 U.S.C. secs. 1302, 151302 and since section 546 contem-

plates the appointment of a trustee in Chapter 13 cases, that a Chapter 13 trustee does indeed have section 544 strong arm powers, which may be exercised by the debtor to the extent of his exemptions where the trustee has not done so,[2] so long as the requirements of Sections 522, 544–547 are fulfilled.

IT IS THEREFORE ORDERED THAT the Objection to Plan be and hereby is denied and that the mechanics' lien filed by AAA Building Maintenance Co. subsequent to the filing of the debtor's Chapter 13 petition be and hereby is avoided to the extent that it impairs the debtor's claim for exemptions.

IT IS FURTHER ORDERED THAT a hearing to determine the extent to which the debtor's exemption claim is impaired by the mechanics' lien of AAA Building Maintenance Co. is set for April 8, 1980 at 10:00 a. m.

2. The concept of a debtor avoiding liens to the extent exemptions are impaired has long been recognized in pre-Code cases regarding judicial liens. See *Fischer v. Pauline Oil & Gas Co.*, 309 U.S. 294, 301–302, 60 S.Ct. 535, 538–539, 84 L.Ed. 764, *reh'g den.*, 309 U.S. 697, 60 S.Ct. 706, 84 L.Ed. 1037 (1940).