**In re Harold William HOLCOMB, Rosalie Holcomb, Debtors.**

**Bankruptcy No. 2–80–02259.**

United States Bankruptcy Court, S. D. Ohio, E. D.

March 12, 1982.

**840**

Frank M. Pees, Worthington, Ohio, trustee.

Richard Palmer, Columbus, Ohio, for debtors.

Richard F. Schmidt, Columbus. Ohio, for trustee.

Albert R. Ritcher, U. S. Atty., Columbus, Ohio, for the I. R. S.

## ORDER ON APPLICATION FOR TURNOVER ORDER

R. J. SIDMAN, Bankruptcy Judge.

The Chapter 13 Trustee, Frank M. Pees, ("Trustee") has filed an application with this Court seeking an order requiring the Internal Revenue Service ("IRS") to turn over two federal income tax refunds for calendar years 1979 and 1980 owed to the debtors. IRS has responded to the application by filing its objection to the turnover and this matter is before the Court on the merits of the application. IRS has raised no issue with respect to the standing of the Trustee to bring the application, nor with respect to the procedure by which this matter has been placed before the Court for decision. The Court makes the following findings of fact.

On June 26, 1980 Harold and Rosalie Holcomb ("Holcombs") filed a joint voluntary petition under Title 11 of the United States Code, praying for relief in accordance with the provisions of Chapter 13 of the Bankruptcy Code. IRS was a listed creditor in their accompanying Chapter 13 Statement in the amount of $900.00. The Holcombs' Chapter 13 Plan, which calls for a payment of a 100% dividend on all their obligations over a 48 month period, was confirmed by the Court on August 11, 1980. There was no creditor objection to confirmation of the Holcombs' plan.

On November 3, 1980 the IRS filed a claim (No. 16) in the amount of $1,570.33, an amount which included tax due of $970.91, interest to petition date of $230.68, and penalty to petition date of $368.74. The IRS claim further described that the claim was subject to a setoff or counterclaim in the amount of $88.00 and described as "credit on 7912 Income tax." The claim was for income tax for the tax period ending December 31, 1977. IRS then filed a second claim dated November 25, 1981 (No. 32) in the amount of $403.04 representing income tax for the tax period ending December 31, 1978.

It has been stipulated that for tax years ending December 31, 1979 and December 31, 1980 the Holcombs are owed federal tax income tax refunds of $88.00 and $712.00, respectively. Repeated demands have been made upon the IRS for a turnover of such income tax refunds but such requests have been ignored.

Trustee contends that the federal income tax refunds due for calendar years 1979 and 1980 may not be properly retained by IRS, a contention disputed by IRS.

Initially, it is clear that IRS occupies a status of "creditor" in this Chapter 13 proceeding, and in such status possesses no rights greater than any other creditor. Section 101(9) defines creditor as follows:

> " 'Creditor' means *entity* that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor" (Emphasis added) 11 U.S.C. § 101(9).

Further, Section 101(14) defines entity as follows:

> " 'entity' includes person, estate, trust, *governmental unit*" (Emphasis added) 11 U.S.C. § 101(14).

And finally Section 101(21) defines governmental unit as follows:

> " 'governmental unit' means United States; State; Commonwealth; District;

Territory; municipality; foreign states; *department, agency* or *instrumentality of the United States,* a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government" (Emphasis added) 11 U.S.C. § 101(21).

Additionally, § 362(a)(7) of the Bankruptcy Code describes the extent to which the filing of a bankruptcy petition prevents certain actions by any entity, including IRS:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, *applicable to all entities,* of—

. . .

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; . . ." (Emphasis added) 11 U.S.C. § 362(a)(7).

Thus, IRS possessing a right of setoff prior to the filing of the Chapter 13 petition by the Holcombs, but apparently not having exercised that right prior to such filings (the face of claim No. 16 filed by IRS clearly indicates that the setoff right had not been exercised) is now barred under the provisions of § 362 of the Bankruptcy Code from exercising a right of setoff. IRS has not sought any relief from the operation of that provision of § 362 in this case.

The federal income tax refunds for 1979 and for 1980 are properly included within the definition of "property of the estate" as that is defined in § 1306(a) of the Bankruptcy Code. Further, § 1327(b) and (c) of the Bankruptcy Code combine to clearly vest all the property of the estate in the debtor as of the time of confirmation of the Chapter 13 Plan, and such property vests free and clear of any claim or interest of any creditor provided for by the plan.

These statutory provisions clearly indicate to this Court that IRS has no valid claim.to the debtors' federal income tax refunds for calendar years 1979 and 1980, but rather are bound by the provisions of the plan and to payment of its claim through the plan. Another bankruptcy court has stated, on this same issue:

"We so conclude [that the debtors are entitled to a tax refund] because, first, we find that the IRS is bound by the terms of the debtors' confirmed chapter 13 plan and, therefore, is not entitled to any better treatment than provided for in that plan." *In re Norton,* CCH Bankruptcy Law Reports, ¶ 68,456 (1981) (brackets added).

In this Court's opinion, the case of *Murry v. Commissioner of Internal Revenue Service (In re Murry),* 15 B.R. 325, 8 B.C.D. 438, (Bkrtcy.E.D.Ark.1981), cited by IRS, gives undue deference to the provisions of the Internal Revenue Code and the tax collection process to the detriment of the orderly and fair operation of the bankruptcy laws. IRS has had the full opportunity to participate as a creditor in this 100% Chapter 13 Plan. IRS's claim will be paid in full (as it must be) during the course of this Chapter 13 case. IRS, however, is bound, as are all other creditors, upon confirmation of the Chapter 13 Plan, to look only to the plan for repayment.

Based upon the foregoing, the Court hereby determines that the application of the Trustee is meritorious and it is hereby granted. IRS shall turnover, within ten (10) days of the date of this order, the sums of $88.00 and $712.00, representing the federal income tax refunds due the debtors for calendar years 1979 and 1980, to the Trustee.

IT IS SO ORDERED.