**In re PHOTO PROMOTION ASSOCIATES, INC., Debtor.**

**Bankruptcy No. 84 B 20417.**

United States Bankruptcy Court, S.D. New York.

Oct. 8, 1985.

**760**

Robert E. Blackburn and Associates, Suffern, N.Y., for Nanuet Nat. Bank; Sydel J. Green, Suffern, N.Y., of counsel.

Siegel, Sommers & Schwartz, New York City, for trustee; Leonard Schwartz, New York City, of counsel.

Chester B. Salomon, P.C., New York City, for First Transcapital Corp.; Alec P. Ostrow and Jeffrey M. Zalkin, New York City, of counsel.

Harvey Barr, Spring Valley, N.Y., for Aaron Wagman.

### DECISION ON MOTION TO VACATE ORDER OF JANUARY 17, 1985

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Nanuet National Bank, Nanuet, New York (the "bank") the holder of three secured claims against the debtor, Photo Promotion Associates, Inc. (totaling in excess of $658,333.38), has moved pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 9024, for an order vacating this court's financing order dated January 17, 1985.

On October 3, 1984, the debtor filed with this court its petition for a reorganization under Chapter 11 of the Bankruptcy Code. It was then engaged in the business of promoting and selling family photographs and pictures from solicitations conducted in various chain stores and malls. Thereafter, the Chapter 11 case was involuntarily converted for liquidation under Chapter 7 of the Bankruptcy Code by an order of this court dated March 13, 1985, 47 B.R. 454.

During the Chapter 11 phase, the debtor in possession, operating pursuant to 11 U.S.C. § 1108, was unable to persuade its outside photographic developing laboratory to continue processing its orders unless the processor was paid as the work was delivered. In addition, the debtor was experiencing a severe cash flow problem. Accordingly, by application dated January 15, 1985, the debtor in possession applied to this court for an order authorizing it to

borrow up to $500,000 from First Transcapital Corporation ("FTC"). The loan was to be collateralized by a first mortgage on two homes owned by the debtor in possession's principal, Aaron Wagman, and by the debtor's assignment to FTC of its postpetition accounts receivable, inventory, machinery and equipment.

When the debtor filed its Chapter 11 petition with this court all of its prepetition accounts receivable, inventory, machinery and equipment had been pledged to the bank to secure its three claims.

By an order which was consented to by the official creditors' committee and by the United States trustee, dated January 17, 1985, the debtor was authorized to obtain a loan from FTC secured by a first mortgage on Aaron Wagman's two homes and by the postpetition accounts receivable, inventory, machinery and equipment of the debtor. The bank asserts that it was never notified of the application for the financing order and thus did not have an opportunity to be heard. The bank also argues that the January 17, 1985 order resulted in the use, sale or lease of property and cash collateral in violation of 11 U.S.C. § 363(b)(1) and (c)(2) because the bank has a perfected security interest in the following collateral of the debtor, as indicated by the copies of the filed financing statements annexed to its proof of claim:

> All accounts receivable, inventory in all forms wherever located, business equipment, furniture, fixtures and general intangibles owned or owed or to be hereafter acquired or created and the proceeds thereof.

## DISCUSSION

Relief from a final order entered by a bankruptcy court may be obtained after the running of the ten-day appeal period prescribed in Bankruptcy Rule 8002 by reference to Bankruptcy Rule 9024, which provides in general that F.R.Civ.P. 60 applies in cases under the Code. F.R. Civ.P. 60(b)(4) declares that the court may relieve a party from a final judgment, order or proceeding if "the judgment is void."

A void judgment is not subject to the defense of laches. *Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.),* 759 F.2d 1440, 1448 (9th Cir.1985). Therefore, the bank's delay in bringing its F.R.Civ.P. 60(b)(4) motion is no defense to its right to assert that the financing order is void. An order is void only if the court that entered the order lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law. *Owens-Corning Fiberglas Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.)* 759 F.2d at 1448; *In re Whitney-Forbes, Inc.,* 3 Bankr.L.Rep. (CCH) ¶ 70, 703 (7th Cir.1985); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 at 198–200 (1973).

The application of F.R.Civ.P. 60(b)(4) to a final order or judgment was stated by this court in *In re Emergency Beacon Corp.,* 48 B.R. 356, 362, 13 B.C.D. 204, 207 (Bkrtcy.S.D.N.Y.1985) as follows:

> In ascertaining whether or not a judgment is in fact void within the meaning of F.R.Civ.P. 60(b)(4), it is important to recognize that a judgment is not void simply because it is erroneous, because F.R.Civ.P. 60(b)(4) is not intended as a substitute for appeal. *Margoles v. Johns,* 660 F.2d 291, 295 (7th Cir.1981), *cert. denied* 455 U.S. 909, 102 S.Ct. 1256, 71 L.Ed.2d 447 (1982); *Baumlin & Ernst, Ltd. v. Gemini, Ltd.,* 637 F.2d 238, 242 (4th Cir.1980); *Otte v. Manufacturers Hanover Commercial Corp. (In re Texlon Corp.),* 596 F.2d 1092, 1099 (2d Cir.1979). The Second Circuit Court of Appeals, in the *Texlon* case, expressed this point as follows:
>
> > Even if the order had been contrary to an express provision of the Bankruptcy Act ... the order would not have exceeded the 'jurisdiction' of the court.
>
> 596 F.2d at 1099. Similarly stated:
>
> > A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the

parties, or if it acted in a manner inconsistent with due process of law. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862, at 198–200 (1973).

The bank's position is bottomed on the ground that it did not receive notice of the erstwhile debtor in possession's application for a financing order. The due process requirement for notice was expressed by the Supreme Court in *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950) as follows:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise *interested parties* of the pendency of the action and to afford them an opportunity to present their objections.

(citations omitted and emphasis supplied).

Whether or not the bank received notice of the financing order authorizing the FTC loan to the debtor secured by postpetition accounts receivable, inventory, machinery and equipment is a question of fact which cannot be decided from the papers and arguments presented. For purposes of this motion the court will assume that the bank did not receive adequate notice of the debtor's application for authorization to enter into the secured transaction with FTC. This transaction was proposed pursuant to 11 U.S.C. § 364(c)(2), which provides:

> § 364. Obtaining credit
>
> . . . .
>
> (c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—
>
> . . . .
>
> (2) secured by a lien on property of the estate that is not otherwise subject to a lien; . . .

The phrase "notice and a hearing" is defined in 11 U.S.C. § 102(1) to mean:

> § 102. Rules of construction
>
> In this title—
>
> (1) "after notice and a hearing", or a similar phrase—
>
> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly and if—
>
> (i) such a hearing is not requested timely by a party in interest; or
>
> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act.

The trustee in bankruptcy and FTC concede that the January 17, 1985 financing order covers only unencumbered postpetition property of the debtor. Thus, FTC reasons that the January 17, 1985 financing order does not purport to interfere with or deprive the bank of any secured interests it may have in the debtor's prepetition accounts receivable, inventory, machinery and equipment, or the profits and proceeds of such property. This position is consistent with 11 U.S.C. § 552(a) which provides:

> § 552. Postpetition effect of security interest
>
> (a) Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case.

The legislative history to 11 U.S.C. § 552 explains the operation of this section as follows:

> As a general rule, if a security agreement is entered into before the commencement of the case, the property that the estate acquires is not subject to the security interest created by a provision in the security agreement extending the security interest to after-acquired property.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 91 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5877.

 The invalidation of prepetition security interests in postpetition accounts receivable, inventory, furniture, machinery, fixtures and equipment was designed to facilitate the debtor's "fresh start" by allowing the debtor to acquire postpetition assets free of prepetition liabilities. *See* J.B. Butler III, *The Insecurity of Secured Creditors Under the Bankruptcy Code,* 59 Am.Bankr.L.J. 277 (1985). Thus, in accordance with the efficacy of 11 U.S.C. § 552(a), the debtor was free to offer to FTC postpetition accounts receivable and inventory as collateral for the financing order of January 17, 1985, because 11 U.S.C. § 552(a) expressly declares that such after-acquired property is not subject to the bank's prepetition security agreement. Accordingly, the bank's secured claim was not impaired by the financing order nor was the bank deprived of procedural due process by a lack of notice with respect to property as to which it had no secured claim.

 An exception to the general rule expressed in 11 U.S.C. § 552(a) that prepetition security interests do not apply to postpetition collateral is contained in 11 U.S.C. § 552(b). Section 552(b) extends the prepetition security interest to postpetition proceeds and profits from prepetition collateral to the extent provided for in the security agreement and by applicable non-bankruptcy law. However, the bank in this case is not adversely affected by this exception because FTC does not claim that it is entitled to any security interest in proceeds or profits from prepetition property. The only issue that may arise between the bank and FTC with regard to 11 U.S.C. § 552(b) is the extent to which it applies to the funds on hand in the estate or may be collected later by the trustee in bankruptcy. Any such dispute will relate to the burden of proof as to what constitutes proceeds and profits of the bank's prepetition secured collateral.

Once it is determined that any funds constitute proceeds or profits derived from prepetition secured property, such funds will not fall within the reach of FTC's postpetition secured claim. Therefore, the bank will not be deprived of any property to which it may be entitled under its prepetition security agreement.

In view of the fact that the debtor's application to obtain additional postpetition secured financing, collateralized by the debtor's otherwise unencumbered, after-acquired property, did not even purport to affect or deprive the bank of any property rights with respect to its security agreement and collateral, it follows that the financing order is not void by reason of any failure of the parties to give notice to the bank that they intended to apply to the court for such an order.

 To the extent that the bank may have a deficiency claim following the liquidation of its collateral, its interest as a general unsecured creditor was properly accorded due process when the financing order was consented to by the official creditors' committee. Pursuant to Bankruptcy Rule 2002(i), notice to the creditors' committee, as reflected by their presubmission consent, satisfied the notice requirement under 11 U.S.C. § 364(c). *See In re Adamson Company, Inc.,* 29 B.R. 937 (Bkrtcy.E. D.Va.1983); *In re Sullivan Ford Sales,* 2 B.R. 350 (Bkrtcy.D.Me.1980).

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties to this controversy pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

2. This court may hear and determine this core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B) and (K).

3. The bank's motion to vacate this court's financing order of January 17, 1985, which authorized FTC's postpetition secured loan to the debtor is denied because the bank has not established that it has been deprived of procedural due process so

as to render the financing order void within the meaning of F.R.Civ.P. 60(b)(4).

SUBMIT ORDER on notice.