### In re The JENNISON–WRIGHT CORPORATION, Debtor.

**Bankruptcy No. B89–04564.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Feb. 9, 1990.

---

Garry Seltzer, Clayton, Mo., for Glasco Elec. Co.

Michael A. Axel, Cleveland, Ohio, for debtor and debtor in possession.

---

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for hearing upon the motion of Glasco Electric Company (Glasco) seeking relief from the automatic stay provision of § 362(a) of the Bankruptcy Code. Between the period of September 14, 1989 and November 13, 1989, Glasco sold certain materials to The Jennison–Wright Corporation (Debtor), a railroad tie manufacturer, for application to certain equipment owned by the Debtor located in Madison County, Illinois. Herein, Glasco seeks relief from the automatic stay to enable it to record a mechanics' lien on that property and have its claim declared to be secured either in the State of Illinois or in the present bankruptcy case. In support of its motion, Glasco contends that it is not adequately protected, and, if the requested relief is granted, there would be no attendant cost or expense to the Debtor's estate. Further, Glasco alleges that Illinois law requires it to record its lien within ninety (90) days of November 13, 1989.

Objections to Glasco's motion were filed by the Debtor and The National City Bank (The Bank). It is undisputed that The Bank holds a perfected security interest in all of the Debtor's personal property. The Bank contends that it is incumbent upon Glasco, as movant, to show that it has an interest in the subject real property. The Bank further contends that Glasco has no interest in the subject real property and that the Illinois mechanics' lien law allows such a lien only where a contractor has supplied materials to be used in building or repairing real property or an improvement or appurtenance located on such realty. Further, The Bank avers that the electrical components and parts supplied by Glasco to the Debtor were incorporated into a tie-sorter machine which constitutes an item of personal property and was used by the Debtor in its railroad tie manufacturing operations in Madison, Illinois. Thusly,

The Bank contends that Glasco is not entitled to a mechanics' lien under Illinois law and, as a result, leaves Glasco with no requisite interest in any of the Debtor's property to support relief from the stay. Further, The Bank states that even if the materials constituted a fixture upon which a mechanics' lien could attach under Illinois law, such a lien would be subordinate to The Bank's security interest. Citing § 9–313(5)(b) of the Uniform Commercial Code (U.C.C.),[1] The Bank contends that its security interest would be superior to that of Glasco. Moreover, the Bank avers that the Debtor's lease agreement on this real property requires the Debtor to remove the tie-sorter upon termination of the lease term with Laclede Steel Company (Laclede).

The Debtor, in its opposition to the motion, asserts that Glasco has no standing to seek the relief sought since the Debtor does not own the real property in question. It further contends that a mechanics' lien, by its definition, can only attach to real property.

The dispositive issue is whether the automatic stay provision under § 362(a) is applicable to Glasco.

It is uncontested that Glasco is a prepetition supplier of materials to the Debtor's estate. It is further uncontested that the materials delivered to the Debtor were applied to a piece of equipment owned by the Debtor. The movant does not allege any specific lien priority or seek a determination in that regard. It is also undisputed that the Debtor was a lessee of real property owned by Laclede.

Generally, modification of the automatic stay provision of § 362(a) of the Bankruptcy Code is warranted only in situations where the stay is effective upon petition filing. Section 362(a)(4) imposes a stay against any act to create, perfect, or enforce any lien against property of the estate. It is undisputed that the subject equipment is estate property, and the inten-

---

1. U.C.C. § 9–313(5)(b):

   (5) A security interest in fixtures, whether or not perfected, has priority over the conflicting interest of an encumbrancer or owner of the real estate where

   (b) the debtor has a right to remove the goods as against the encumbrancer or owner. If the debtor's right terminates, the priority of the security interest continues for a reasonable time.

tion of Glasco is to perfect a lien upon property appurtenant to said equipment postpetition. An exception to this injunctive relief is afforded under § 362(b)(3) of the Code. Therein, the Congress has provided that any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection addressed under § 546(b) of the Code or to the extent that such perfection could be accomplished under § 547(e)(2)(A), is excepted from the automatic stay.[2]

In the instant matter, the mechanics' lien sought to be imposed by Glasco is excepted from the automatic stay pursuant to § 362(b)(3). Herein, the Debtor's rights and powers are subject to the lien perfection requirements addressed under § 546(b) of the Code, thereby rendering the automatic stay provision of § 362(a) inapplicable. The type of lien perfection sought by Glasco is provided for under the Illinois Mechanics' Lien Act, Ch. 82, Ill.Rev.Stat., sec. 7 which provides, in pertinent part:

> No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within four months after completion, ... he shall either bring suit to enforce his lien therefor or shall file in the office of the recorder of deeds of the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien.... Such claim for lien may be filed at any time after the contract is made, and as to the owner may be filed at any time after the contract is made, and as to the owner may be filed at any time after the contract is made and within two years after completion of said contract....

The thrust of the above-quoted language places Glasco's efforts to perfect its lien beyond the ambit of § 362(a). By definition, a statutory lien is one which arises automatically by operation of law. A mechanics' lien is a form of statutory lien. *See,* 11 U.S.C. § 101(47); 2 *Collier on Bankruptcy,* ¶ 101.47 (15th ed. 1988). *See also,* H.Rep. No. 595, 95th Cong., 1st Sess. 314 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 27 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5812, 6271. Glasco's lien was created, although unperfected, at a point in time when contracted for deliveries with the Debtor were substantially completed. Under Illinois law an inchoate mechanics' lien arises upon the substantial completion of the work contracted for. *See,* Illinois Mechanics Lien Act, *supra; In re Saberman,* 3 B.R. 316, 6 B.C.D. 146 (Bankr.N.D.Ill.1980). It is precisely this kind of lien which Glasco seeks to perfect postpetition, and Illinois law, as described above, allows Glasco a right to perfect its lien postpetition if such is accomplished within the statutorily prescribed period. Generally, statutory liens survive the filing of a bankruptcy petition, where the statutory requirements have been adhered to. *Saberman, supra.* Presently, Glasco is within the allowed statutory perfection period. As such, Glasco's seeking relief from the automatic stay is unwarranted as provided for under § 362(b)(3)'s exception to the automatic stay and the further limitation provided by § 546(b).

Accordingly, the relief sought by Glasco is unnecessary and Glasco is hereby directed to submit an appropriate entry withdrawing its motion. The objections of the Debtor and The Bank are hereby rendered moot. See, *In re California Steel Co.,* 21 B.R. 383 (Bankr.N.D.Ill.1982).

IT IS SO ORDERED.

---

2. § 362(b)(3):

> (b) The filing of a petition under section 301, 302 or 303 of this title ... does not operate as a stay
>
> (3) under subsection (a) of this section, of *any act to perfect an interest in property to* the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title ... 11 U.S.C. 362(b)(3).

11 U.S.C. § 546:

> (b) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be *effective against an entity that acquires* rights in such property before the date of such perfection....