**In re U.S. ELECTRIC, INC., Debtor.**

**Bankruptcy Nos. 2–90–04997, 31–1214768.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 29, 1990.

William H. Peoples, Westerville, Ohio, for debtor.

Geoffry Case, Columbus, Ohio, for Basic Distribution and Andrew Kerr.

## OPINION AND ORDER ON DEBTOR'S MOTION FOR CONTEMPT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This proceeding is before the Court pursuant to the Motion for Contempt filed by the Debtor, U.S. Electric, Inc. (hereinafter "Debtor"), against Basic Distribution, Inc. and its President, Andrew W. Kerr, (hereinafter collectively "Basic"). By its Motion, Debtor seeks to have Basic found in contempt for violation of § 362, release all mechanics' liens filed post-petition, assess actual damages against Basic for all accounts receivable collected from the Debtor's customers post-petition, and pursuant to § 362(h), to grant Debtor reasonable attorney fees, as well as punitive damages in the amount of $10,000.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered into in this judicial district. This Motion for Contempt is a core proceeding which the Court may hear and determine. 28 U.S.C. § 157(b)(2). The following Opinion and Order constitutes the Court's findings of fact and conclusions of law.

### FINDINGS OF FACT

On July 26, 1990, Debtor filed its petition for Chapter 11 relief, which was later converted to a Chapter 7 on August 30, 1990. Debtor was an electrical subcontractor which purchased materials and supplies from Basic, a wholesale supplier of electrical construction materials. Subsequent to Debtor filing bankruptcy, Basic, due to Debtor's non-payment, proceeded to perfect several mechanics' liens for purposes of securing and inducing the direct payment from various owners and general contractors for whom Debtor was employed. Debtor alleges that such post-petition filing violates the automatic stay, whereas Basic contends that its post-petition perfection falls outside the protective scope of § 362.

### CONCLUSIONS OF LAW

The dispositive issue is whether the automatic stay provision under § 362(a) is applicable to Basic.

Generally, at the commencement of the case, all activity against property of the estate, including any act to create, perfect or enforce any lien, is prohibited by the Bankruptcy Code. 11 U.S.C. § 362(a)(4). An exception to this injunctive relief is afforded under § 362(b)(3) of the Code. Under this exception, Congress provided that any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection addressed under § 546 of the Code, or to the extent that such perfection could be accomplished under § 547(e)(2)(A), is excepted from the automatic stay.[1]

---

1. 11 U.S.C. § 362(b)(3):

(b) The filing of a petition under section 301, 302 or 303 of this title ... does not operate as a stay

(3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title.

11 U.S.C. § 546:

(b) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires

In the instant matter, Basic's post-petition filing of its mechanics' liens is excepted from the automatic stay pursuant to § 362(b)(3). The Debtor's rights and powers must give way to the lien perfection requirements set forth under § 546(b) of the Code, thereby precluding the application of the automatic stay provision of § 362(a)(4). *In re The Jennison–Wright Corp.*, 111 B.R. 146 (Bankr.N.D.Ohio 1990); *See also Yobe Elec. Co., Inc. v. Graybar Elec. Co., Inc. (In the Matter of Yobe Elec., Inc.)*, 30 B.R. 114 (Bankr.W.D.Pa. 1983).

The type of lien perfection instituted by Basic is provided for under Ohio's mechanics' liens statutes:

> If the lien is one not described in division (B)(2) of this section, within ninety days from the date on which the last of the machinery, material, or fuel was furnished by the person claiming the lien at the building, or the last of the work or labor was performed by the person claiming the lien, except that the affidavit shall not be filed later than sixty days after the date on which the last machinery, material, or fuel is furnished by any person, or after the last work or labor is performed by any person, pursuant to the same general contract at the property to be charged with the lien.

Ohio Rev.Code § 1311.06(B)(3).

> Liens under sections 1311.01 to 1311.24, inclusive, of the Revised Code are effective from the date the first labor is performed, or the first machinery, materials, or fuel is furnished by the contractor under the original contract, and shall continue for six years after an affidavit is filed in the office of the county recorder. Ohio Rev.Code § 1311.13.

Based on these statutes, Basic's efforts to perfect its liens are outside the scope of the automatic stay's protective parameters. Pursuant to the Bankruptcy Code, a statutory lien, such as a mechanics' lien, is one which arises automatically by operation of law. 11 U.S.C. § 101(47); *See also In re The Jennison–Wright Corp.*, 111 B.R. at 148. Basic's liens arose, although unperfected, prior to the Debtor's petition for bankruptcy relief. The filing for record of an affidavit for a mechanics' lien merely perfect the lien. This action by Basic is precisely within the purpose of § 362(b)(3), provided this post-petition perfection occurs within the prescribed statutory period. It is uncontested that Basic's liens are in compliance with Ohio's filing requirements. Furthermore, statutory liens generally survive the filing of a bankruptcy petition where the statutory requirements have been satisfied. *In re The Jennison–Wright Corp.*, 111 B.R. at 148.

The Court will now address the parties' use of authority. Debtor's reliance on *In re Shore Air Conditioning & Refrigeration, Inc.* to support its contention that Basic's post-petition lien perfection violates the automatic stay is misplaced. *Shore Air* prohibited such post-petition creditor action based on the application of New Jersey state law under § 546(b) of the Code. *Harry Brainum, Jr., Inc. v. Shore Air Conditioning & Refrigeration, (In re Shore Air Conditioning & Refrigeration, Inc.)*, 18 B.R. 643, 8 B.C.D. 1062 (1982). Under New Jersey law, unlike Ohio law, the filing of a mechanics' lien does not relate back to a pre-petition date; therefore, under such circumstances, § 546(b) does not except a post-petition filing from the automatic stay. Clearly, this case is distinguishable from the instant matter, and Debtor should have readily discovered this important factor in its reading of *Yobe Electric*, which was cited in its supplemental memorandum. *Yobe Elec., Inc. v. Graybar Elec. Co. (In re Yobe Elec., Inc.)*, 30 B.R. 114, 117–118 (Bankr.W.D.Pa.1983).

Equally misplaced is Debtor's reliance on *In re Photo Promotion Assoc., Inc.*, for its contention that the collection of funds due the Debtor by a materialman is violative of the automatic stay. Upon review of *Photo Promotion*, the Court fails to reach a similar analysis of that case. *Photo Promotion* dealt with a dispute between two creditors, one pre-petition creditor and the other a court-authorized post-petition creditor, over a security interest in post-petition

rights in such property before the date of such perfection.

collateral and proceeds. *In re Photo Promotion Assoc., Inc.*, 53 B.R. 759 (Bankr.S. D.N.Y.1985). This Court finds the facts and conclusions reached in *Photo Promotion* to be inapposite of the issue at bar, and completely irrelevant to the disposition of the matters at hand.

 Finally, Debtor relies on *In re Holcomb* for the proposition that Basic's alleged acts of advising the Debtor's customers of their right to set off against the balance owed to Debtor for their direct payments to materialman is violative of the automatic stay provisions. *In re Holcomb*, 18 B.R. 839 (Bankr.S.D.Ohio 1982). This case is factually and substantively distinguishable from the instant matter. First, in *Holcomb*, the case involved proceeding under a confirmed Chapter 13 plan, which apparently neither addressed nor preserved the parties' right to set off a pre-petition debt; as such, the parties are bound by the terms and conditions of the plan. Here, under the Debtor's Chapter 7, the right to set off pre-petition obligations is preserved pursuant to § 553 of the Code. Second, the parties asserting the right to set off are differently situated. In *Holcomb*, the parties with the right to set off were engaged in the cause of action. Here, Debtor's customers, while they possess a right of set off against the Debtor, are not parties to this action. Moreover, Basic merely informed those customers of Basic's position that the Debtor's customers could pay Basic directly and subsequently exercise their right of set off against the Debtor.[2] This contact alone does not violate the automatic stay. Furthermore, nowhere did the *Holcomb* court hold that the parties were prohibited from being advised of their right of set off, as the Code expressly provides such a right!

On a final note, Basic cites a motion filed in *In re Federated Department Stores, Inc. and Allied Stores Corp.*, No. 282 (S.D. Ohio Feb. 9, 1990) (available on WESTLAW, Camp 323, Lexis, Bankr. library, Court's file). The Court declines to discuss the merits of this motion; a motion obviously bears no precedential value upon the disposition of issues, and should not have been relied upon by Basic.

The Court finds therefore that Debtor's Motion for Contempt against Basic Distribution, Inc. and its president, Andrew Kerr, to be without merit and it hereby is denied.

IT IS SO ORDERED.

---

**2.** Basic forwarded a letter to Debtor's customers which suggested that customers may desire to secure counsel, prior to exercising this right of set off.