Wendell C. MARSH, Plaintiff,

v.

The FIRST .NATIONAL BANK, Dayton, Ohio, Defendant.

In the Matter of Wendell C. MARSH, Debtor.

Bankruptcy No. 3–82–00080.
Adv. No. 3–82–0474.

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 11, 1983.

John D. Poley, Dayton, Ohio, for plaintiff/debtor.

John Slavens, Dayton, Ohio, Atty. for defendant.

George W. Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This matter is before the Court for disposition of Debtor's Complaint filed 27 July 1982 alleging that Defendant, First National Bank of Dayton, received a preferential transfer of property from the above-named Debtor's estate. The Chapter 13 Trustee was not named as a party to the action.

At a pretrial conference on 24 August 1982, the parties agreed that the operative facts in the present case are not in dispute. On 1 October 1982, the parties formally submitted an agreed statement of facts. Moreover, the parties had agreed that the matter would be submitted to the Court for decision on the record without the necessity of a hearing. The following decision, therefore, will be based upon the record, legal memoranda, and the parties' stipulation. The Court also takes judicial notice of the Debtor's case file.

### FINDINGS OF FACT

The pertinent facts are not in controversy and have been stipulated, as follows:

1. On or about October 1, 1981 The First National Bank, Dayton, Ohio filed a Complaint against Wendell C. Marsh and Virginia Marsh, in the Dayton Municipal Court, seeking judgment in the amount of $610.55. Said claim was based upon a delinquent Master Card account. A Default Judgment was obtained against Virginia Marsh on November 16, 1981, for $610.55, plus costs and interest. On December 14, 1981 an Agreed Judgment Entry granting Plaintiff judgment against Wendell C. Marsh in the amount of $610.55 plus costs and interest was filed.

2. On December 16, 1981 The First National Bank, Dayton, Ohio caused a Certificate of Judgment to be placed of record with the Common Pleas Court of Montgomery County, Ohio, being Judgment No. 84654, Docket 36, which Certificate of Judgment attached to Wendell C. March's and Virginia C. Marsh's real estate located at 445 Knecht Drive, Dayton, Ohio, and which Certificate of Judgment was second only to the first mortgage held by Gem Savings with an approximate balance of $18,000.00. The property has been appraised at $40,000.00.

3. On or about December 16, 1981 The First National Bank, Dayton, Ohio filed in the Dayton Municipal Court an Order in Aid of Execution ordering the First National Bank to hold all moneys owing to Wendell C. Marsh, not to exceed $648.35. On or about December 18, 1981 an Order to Pay In was filed under the Order in Aid of Execution and as a result thereof The First National Bank, Dayton, Ohio paid to the Dayton Municipal Court certain moneys which were subsequently returned to the attaching creditor, The First National Bank, Dayton.

4. As a result of the aforementioned payment from the Dayton Municipal Court the First National Bank on January 11, 1982 released its judgment against Wendell C. Marsh and released the aforementioned Certificate of Judgment against Wendell C. Marsh.

5. On January 13, 1982 Plaintiff filed a Chapter 13 Petition with this Court and now demands an avoidance of the transfer of funds from the Debtor's Bank Account and that the sum of $300.00 be turned over to the Chapter 13 Trustee.

## DECISION

The threshold question presented by the facts *instanter* is whether Defendant, First National Bank of Dayton, received a preferential transfer of property from the above-named Debtor's estate. Based upon an application of the facts presented, it is the determination of the Court that the transfer of Debtor's property to Defendant by judicial attachment is avoidable. However, due to the *de minimis* dollar amount involved and the nature of the confirmed Plan herein, the Court will stay its order pending administration of the Chapter 13 Plan.

■ Initially it must be noted that filing of a Chapter 13 petition creates an estate. See 11 U.S.C. §§ 541, 1306, 103(a). One disposition of property of the estate is the allocation to the debtor of full exemption rights. See this Court's opinion in *Matter of Lantz,* 7 B.R. 77, 80 (Bkrtcy.1980). In the present case, Plaintiff-Debtor has exercised full exemption rights with respect to the bank account at issue herein. See Ohio Revised Code Ann. § 2329.66(A)(4); *See also in Matter of Cusanno,* 17 B.R. 879 (Bkrtcy.E.D.Pa.1982). The Court takes notice that a debtor opting to pay his creditors under the wage adjustment procedure does not thereby waive his exemption rights, (See this Court's opinion in *Matter of Flynn,* Case No. 3–80–02362; Adv. No. 3–80–0493 (December 29, 1980)), unless the property is designated to fund a confirmed Plan. *In re Adams,* B.C.D. ¶ 68,309, 4 C.B. C.2d 1054, 12 B.R. 540 (Bkrtcy.D.Utah 1981). There is no indication from the record that the exempted property is designated to fund the Plan. Therefore, waiver is not at issue, especially here where the property was involuntarily transferred. See 11 U.S.C. § 522(c); and this Court's opinion in *Matter of Ziegler,* 20 B.R. 449 (Bkrtcy.1982).

Since Debtor's exemption rights have not been waived, Debtor contends that "debtor may avoid a transfer of property of the debtor . . . to the extent that the debtor could have *exempted* such property . . . if (1) such transfer is avoidable by the trustee under § 547 or recoverable by the trustee under § 553 and (2) the trustee does not attempt to avoid such transfer." 11 U.S.C. § 522(h). The Court does not question the propriety of Debtor's action under 11 U.S.C. § 522(h) especially in light of the fact that the Trustee has not pursued such action under its Section 547 avoidance powers. The Court does find, however, that on the basis of the *instant* facts, a *de facto* preferential transfer did occur.

■ In support of its conclusion, the Court looks to the five part test enumerated in 11 U.S.C. § 547(b). Applying this test to the facts at bar, the Court finds that the transfer was for the benefit of the creditor (Defendant herein), on account of an antecedent debt (the delinquent Master Card Account), while the Debtor was insolvent (presumed under 11 U.S.C. § 547(f)) and within 90 days before the date of the filing of the bankruptcy petition (transfer occurred on December 18, 1981 and petition filed January 13, 1982). As a result, the first four parts of the test are satisfied. With regard to the fifth part, the "improvement of position" test, Debtor contends that

[d]efendant received more money on December 18, 1981 [the date when judicial attachment of Debtor's bank account was made by First National Bank] than he would have received when Plaintiff-Debtor filed his Chapter 13 petition because Defendant would have received a prorata payment along with all other creditors according to the Chapter 13 plan.

Defendant, on the other hand, maintains that avoidance of a preferential transfer is predicated upon a creditor receiving a greater percentage of its debt than it would receive under the distributive provisions of Chapter 7, a fact which Defendant claims Plaintiff has not proved. In view of these arguments, the Court finds Debtor's position dispositive. As a result, the Court concludes that a preferential transfer has been established.

Although a preference has been established by the facts presented, the Court notes that an interest in Debtor's estate may not be avoided unless the exemption claimed by the Debtor is impaired. *See,*

e.g., 11 U.S.C. § 522(f) and (i)(2). At the present, Debtor's confirmed Chapter 13 Plan contemplates 100% payment to all creditors. Debtor's exemption is not impaired as a result of this. The potential for impairment does, however, exist. This potential arises when and if the petition would be converted to a Chapter 7 liquidation or Debtor would receive a hardship discharge. As a result, this Court shall deem the transfer a preference, avoidance of which is stayed until the Chapter 13 Plan is fully administered or the petition is converted to a Chapter 7 or there is a hardship discharge.

Aside from the preference issue, Defendant argues that it was "merely exercising its privilege and right of set-off against the [bank account] for the payment of mutual debts." Assuming that Defendant validly exercised its right of set-off prior to Debtor's petition, See *Baker v. National City Bank of Cleveland,* 511 F.2d 1016 (6th Cir. 1975) cited in *In re McCormick,* 6 B.C.D. 889, 2 C.B.C.2d 1145, 5 B.R. 726 (Bkrtcy.N. D.Ohio 1980), and that the "mutuality of indebtedness" test is satisfied, (See this Court's opinion in *The Matter of Springfield Casket Co., Inc.,* 21 B.R. 223, 228 (Bkrtcy.1982)), such action is irreversible by the Bankruptcy Court subject only to [Debtor's] power to avoid any "improvement in the creditor's position" within 90 days of the petition filing. 11 U.S.C. § 553(b)(1); *Donato v. Dominion National Bank of Tidewater,* 17 B.R. 708 (Bkrtcy.E. D.Virg.1982).

In this case, the Court is unable to determine whether the creditor's position has been improved since the issue was not adequately raised by the parties and the facts necessary to make this determination (in particular the prepetition balance in the savings account) are not in the record.

ORDERED, ADJUDGED AND DECREED, that Defendant received a preferential transfer of Debtor's property under the provisions of 11 U.S.C. § 547(b), avoidance of which is stayed pending administration of the Chapter 13 Plan, but the contingently avoidable transfer shall constitute a credit on the claim of Defendant until all other creditors have received a proportionate distribution from the Chapter 13 Trustee.

ORDERED, ADJUDGED AND DECREED, that the claimed exemption cannot be set off in the Chapter 13 case and is not, therefore, impaired as long as the confirmed Plan is in effect.