In the Matter of YOBE ELECTRIC, INC., Debtor.

YOBE ELECTRIC, INC., Plaintiff,

v.

GRAYBAR ELECTRIC CO., INC., Defendant.

Bankruptcy No. 83–528.
Adv. No. 83–694.

United States Bankruptcy Court, W.D. Pennsylvania.

April 27, 1983.

B.A. Karlowitz, Pittsburgh, Pa., for plaintiff.

John Studeny, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is a complaint by debtor-in-possession to enjoin an action in violation of the automatic stay, wherein debtor-in-possession contractor seeks to prohibit its subcontractor from the post-petition filing of a notice of intention to file a mechanic's claim against the owner of the project who is not a party to this suit. In its complaint, Debtor asserts that the subcontractor's post-petition service of notice upon the owner was a violation of the automatic stay provisions of the Bankruptcy Code; and requests that the subcontractor be enjoined from the filing of a mechanics' lien or otherwise instituting any action to enforce such a lien. In support of its request for injunctive relief, Debtor argues that it will suffer irreparable harm if the lien is filed; for under Pennsylvania, the Owner may withhold payments due the Debtor under its present contract, and such action will impede Debtor's efforts to reorganize.

In response thereto, subcontractor has filed a motion to dismiss the complaint to enjoin violation of the automatic stay, wherein it contends that this Court is without jurisdiction over the defendant and the subject matter of the complaint, for it is an *in rem* action between persons who are not parties to the bankruptcy proceedings. The subcontractor further alleges that its actions are expressly allowed under Sections 544(a) and 546(b) of the Bankruptcy Code, and moves for dismissal on those grounds.

For the reasons that follow, the Court is satisfied that the subcontractor's post-petition service of notice of intention to file a mechanics' claim upon the owner in the case at bar was not a violation of the automatic stay provisions of § 362 on the basis of the exceptions set forth in § 546(b). Accordingly, the complaint will be dismissed.

The facts are as follows. On March 18, 1982, Wheeling-Pittsburgh Steel Corporation, hereinafter "Owner", and Yobe Electric, Inc., hereinafter "Debtor" entered into a contract wherein Debtor agreed to perform installation of electrical work in Owner's manufacturing plant located in Monessen, Pennsylvania. The contract required Debtor to complete all work on a lump sum basis for a price of $2,070,000. The contract required Owner to make monthly progress payments to Debtor thirty days after receipt of its invoice. After 50% completion, the monthly progress payments were to increase to 95% of the contract value of work already performed. The monthly retention of the contract price was to be paid by Owner to Debtor upon Owner's acceptance of the system as an acceptably functioning unit. (Contract: Article III).

Article XVIII provided that neither Debtor nor its subcontractors was permitted to file mechanics' claims against any buildings related to the contract on account of any work done or materials furnished by it under the contract. However, at the hearing on this matter, counsel for both parties agreed that the contract was never recorded in the office of the prothonotary.

On March 4, 1983, Debtor filed its petition under Chapter 11 of the Bankruptcy Code. On March 29, 1983, Graybar Electric Co., hereinafter "Subcontractor", served upon the Owner a notice of intention to file

a mechanics' claim. Attached thereto was a copy of the claim, which provided the following information. The amount claimed due and chargeable against the real property of the Owner was $171,970.75; and the materials furnished by Subcontractor to Debtor for use in the Owner's project included electrical equipment, fixtures and supplies, which were delivered to the Debtor during the period commencing April 19, 1982 and ending January 18, 1983. Attached to the claim was a description of Owner's real property which subcontractor claimed as subject to the lien.

After a preliminary hearing on this matter, the parties submitted briefs on the issues presented herein. In its brief, Debtor argues as follows: its filing of a Chapter 11 petition automatically stayed any act to "obtain possession of property of the estate" ... or "to create a lien against property of the estate." 11 U.S.C. § 362(a)(3) and (4). Debtor asserts that the funds owed to it by Owner are property of the estate. Therefore, post-petition service of notice upon Owner was a violation of the automatic stay, for it triggered Owner's right to withhold Debtor's funds. In support of its argument, Debtor cites a provision of the mechanics' lien law of Pennsylvania which provides that upon receipt of service of notice of intention to file a mechanics' claim, the owner may retain out of moneys due contractor a sum sufficient to protect it from loss. Debtor argues that by serving the notice, Subcontractor has laid claim to Debtor's receivables to the detriment of other creditors.

Debtor next argues that § 546(b), which permits certain post-petition perfection of liens, does not apply to the interest of a materialman in funds owed to Debtor.

In weighing the merits of Debtor's arguments, the Court examines the applicable provisions of the Bankruptcy Code. While § 362 generally prohibits any post-petition efforts to obtain property of the estate or to perfect a lien, § 362(b)(3) sets forth an exception which provides as follows:

(b) the filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

(3) under subsection (a) of this section of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title.

Section 546(b) provides as follows:

(b) The rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

The legislative history of § 546(b) describes the limitation upon trustee's avoiding powers as follows:

If the interest holder against whom the trustee would have rights stil has, under applicable non-bankruptcy law, as of the date of the filing of the petition, the opportunity to perfect his lien against an intervening interest holder, then he may perfect his interest against the trustee ... The rights granted to a creditor under this subsection prevail over the trustee only if the transferee has perfected the transfer in accordance with applicable law and *that perfection relates back to a date that is before the commencement of the case.* (emphasis added).

House Report No. 95–595, 95th Cong., 1st Sess. (1977) 371, U.S.Code Cong. & Admin.News 1978, 5787, 5963, 6327; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 86, U.S.Code Cong. & Admin. News 1978, 5787, 5872.

In its analysis of § 546(b), *Collier* cites the example of a purchase money security interest under § 9–301(2) of the Uniform Commercial Code.

Perfection of a purchase money security interest within ten days of its making will relate back to defeat an intervening lien creditor whose rights arise during the period between the making of the security agreement and its perfection. In this situation, the trustee as an intervening lien creditor, cannot avoid the purchase money security interest that is unperfected on the date the petition is filed, so long as the holder of the purchase money security interest later perfects within the ten-day period. *Collier on Bankruptcy,* Vol. 4 § 546.03 at 546–8 (15th Ed.1982).

With regard to the perfection of a mechanics' lien, *Collier* states that "the same analysis would also apply to the holder of a mechanics' lien, if state law would permit perfection to relate back so as to defeat an intervening lien creditor." *Collier, supra.*

It is therefore necessary to examine the provisions of Pennsylvania law in order to determine whether or not perfection of a mechanics' lien relates back to a pre-filing date and is therefore excepted from the provisions of the automatic stay by virtue of § 546(b).

Section 1508 of Pennsylvania Mechanics' Lien Law of 1963, 49 P.S.A. 1101 *et seq.* provides as follows:

§ 1508 Priority of Liens

The lien of a claim filed under this act shall take effect and have priority

(a) in the case of the erection or construction of an improvement, as of the date of visible commencement upon the ground of the work of erecting or constructing the improvement.

(b) in the case of the alteration or repair of an improvement, as of the date of filing the claim.

Moreover, it has long been the law in Pennsylvania that a materialman's lien commences as of the date materials are furnished. In the case of *Keller v. Denmead & Son,* 68 Pa. 449 (1871) the court is faced with a factual situation identical to that in the case at bar, and states as follows:

In the present case the materials were furnished on the 22d December, 1868.

The petition was filed to have Keller declared a bankrupt on the 1st of March 1869; and the mechanics' lien of the plaintiffs was filed on the 9th of March of the same year.

"We cannot think the bankruptcy of Keller operated to discharge a fixed lien, a lien made by statute. It is said, however, that in the case of James R. Dey, a bankrupt, the District Court of the United States for the Southern District of New York decided that a lien could not be filed after the petition in bankruptcy: Bankrupt Register of Dec. 1st 1869, No. 11. But the lien in that case was under the Lien Law of New Jersey, which, from the case, appears only to create a lien from the time it was entered. The case is not therefore applicable to a lien filed under the Pennsylvania Lien Law, where the lien commences when the materials are furnished." (p. 451)

In its brief, Debtor places great emphasis upon two New Jersey Bankruptcy Court decisions which at first glance appear to present issues identical to those in the case at bar. However, the underlying state statutes upon which the decisions are based are significantly different than those which are operative in Pennsylvania. In *Matter of Valairco Inc.* 9 B.R. 289, 7 B.C.D. 374, 6 C.B.C.2d 402 (Bkrtcy.N.J.1981), the Court addresses the issue of whether a subcontractor of a debtor can perfect a lien after the filing of the bankruptcy petition upon funds in the hands of the owner which are contractually due the debtor. Therein, the Court denied the subcontractor's request for relief from the automatic stay so that it could perfect its mechanics' lien. In so holding, the Court states that in order for the provisions of § 546(b) to operate so as to permit post-petition perfection; the lien, when perfected, must relate back to a pre-petition date. The *Valairco* Court stresses that under New Jersey law, the filing of a "stop-notice" (the equivalent to Pennsylvania's notice of intention to file a mechanic's claim) does not relate back to the time of supplying materials, but is effective only as of the date of filing with the owner.

In contrast, in those states with statutes similar to Pennsylvania's, courts have held that § 546(b) permits a creditor to perfect a mechanics' lien subsequent to the filing of a bankruptcy petition. In *In re Saberman*, 3 B.R. 316, 1 C.B.C.2d 671 (Bkrtcy.N.Ill.1980) the Court states: "the import [of § 546(b)] is that if under applicable law, here, the Illinois Mechanics Lien Act, a later perfection will relate back prior to the bankruptcy filing, the subsequent perfection will be good against the trustee, and the lien will not be avoided." (3 B.R. 316, 1 C.B.C.2d at p. 673). Similarly, a New York court granted a subcontractor's request for relief from the automatic stay provisions so that it could file a post-petition mechanic's claim against real property of the debtor; for the New York statute also contained a relation back provision. *Matter of Fiorillo and Co.* 19 B.R. 21, 8 B.C.D. 1169, 6 C.B.C.2d 607 (Bkrtcy.S.D.N.Y.1982).

Thus, it is clear that in light of the provisions of Pennsylvania mechanics' lien law and the case law thereunder, the Subcontractor's post-petition service of notice of intention to file a mechanic's claim upon Owner in the case at bar is excepted from the automatic stay of § 362 by operation of § 546(b).

Debtor also relies upon the case of *In re Shore Air Conditioning and Refrigeration Inc.* 18 B.R. 643, 8 B.C.D. 1062 (Bkrtcy.N.J. 1982). Therein, debtor was a subcontractor. Plaintiff materialman filed a stop-notice on the owner of the facility subsequent to debtor's filing of a petition under Chapter 11 of the Bankruptcy Code. In response thereto, contractor held certain sums due the debtor in escrow. For the reasons set forth in *Valairco, supra,* the Court held that plaintiff's lien did not relate back to a pre-filing date; and therefore § 546(b) did not except it from the automatic stay provisions of § 362.

The Court then addresses the issue of whether funds in the hands of the owner which are potentially due to the debtor are "property of the estate" within the meaning of § 541(a) of the Bankruptcy Code; and therefore subject to the provisions of the automatic stay. The Court prefaces its analysis by stressing that under New Jersey law, the proper filing of a stop-notice has the effect of perfecting a lien against funds in the hands of the owner. The Court held that in light of the broad and all-encompassing definition of "property of the estate", that funds in the hands of the owner are a part thereof. Therefore, filing of a bankruptcy petition triggers the automatic stay provisions, and any post-petition action to perfect a lien is prohibited.

In the case at bar, Debtor points to § 1601 of the Pennsylvania Mechanics' Lien Law of 1963, 49 P.S.A. § 1101 *et seq.* in urging this Court to reach the same result. Section 1601 provides as follows:

An owner who has been served with a notice of intention to file ... a claim by a subcontractor may retain out of any moneys due or to become due to the contractor named therein, a sum sufficient to protect the owner from loss, until such time as the claim is finally settled, released, defeated, or discharged.

Debtor points to a nearly identical provision in the New Jersey statute under which *In re Shore Air Conditioning and Refrigeration Inc., supra,* was decided in support of its argument that where there is such a withholding statute, a materialman violates the automatic stay when he serves a notice of intention to file a mechanics' claim on the owner.

However, while the withholding provisions of Pennsylvania and New Jersey statutes are similar, the New Jersey statute on mechanics' claims imposes additional requirements upon the owner. N.J.S.A. 2A:44–80 requires as follows:

The owner, if such a claim or demand of the materialman ... is not paid ... shall, on being satisfied of its correctness ... pay the same in the order in which notices have been filed.

Pennsylvania mechanics' lien law contains no such requirement. Nor does Pennsylvania case law thereunder provide that materialmen are given a lien on the fund representing the balance due or to become due from the owner to the contractor.

Subcontractor addresses this issue in its brief in support of the motion to dismiss the complaint to enjoin violation of the automatic stay. Subcontractor argues that the mechanics' lien in the case at bar involves an *in rem* action against the real property of the owner. It further avers that it has not attempted to lien any funds in the hands of the Owner, nor does Pennsylvania law so permit. The Court agrees.

Based upon the foregoing, the Court concludes that on the basis of § 546(b) and the Pennsylvania Mechanics' Lien Law of 1963, the Subcontractor's post-petition service upon Owner of notice of intention to file a mechanics' lien was not a violation of the automatic stay provision of § 362.

Debtor urges the Court to base its decision upon equitable considerations. However, equity is bound by the law. While the Court realizes that the Owner's withholding of funds may have a deleterious effect upon Debtor's efforts to reorganize, it cannot deprive the Subcontractor of its clear right under state law, as protected by § 546(b) of the Bankruptcy Code. Accordingly, the complaint to enjoin violation of the automatic stay is dismissed.

An appropriate order will be entered.