OPINION OF THE COURT
 

 PER CURIAM.
 

 The issue in this case is whether the filing of a lien under the Pennsylvania mechanic’s lien statute, after a contractor has filed for bankruptcy, violates the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362.
 

 In March 1982, Wheeling-Pittsburgh Steel Corporation (W-P) and Yobe Electric (Yobe) entered into a contract whereby Yobe agreed to install electrical work in W-P’s plant in Monessen, Pennsylvania. To fulfill the contract, Yobe purchased a substantial quantity of electrical equipment from Graybar Electric Co.
 

 On March 4, 1983, Yobe filed a petition under Chapter 11 of the Bankruptcy Code. Later that month, Graybar served on W-P a notice of intention to file a mechanic’s lien in the amount of $171,970.75, covering material Graybar furnished Yobe for installation at the W-P plant.
 

 Yobe filed a complaint urging that the Bankruptcy Court strike Graybar’s notice of intent to file a mechanic’s lien on the ground that such a lien violated the automatic stay provision of the Bankruptcy Act by triggering W-P’s right to withhold funds due to Yobe.
 

 The bankruptcy judge asserted that the case turns primarily on the Pennsylvania statute dealing with mechanic’s liens. Pa. Stat.Ann. tit. 49 § 1508 (Purdon 1965). He pointed out that under that statute the perfection of a mechanic’s lien “relates back” to the installation of the first material,
 
 id.
 
 at § 1508(a), and, therefore, concluded that the filing of a mechanic’s lien does not violate the automatic stay provisions of the Bankruptcy Code. The judge distinguished certain New Jersey cases, which held to the contrary, by noting that under New Jersey law the filing of a mechanic’s lien does not necessarily relate back to a time prior to filing.
 
 See e.g. Harry Brainum, Jr., Inc. v. Shore Air Conditioning & Refrigeration, Inc.,
 
 18 B.R. 643 (Bkrtcy.D.N.J.1982);
 
 ATC Systems, Inc. v. Valairco, Inc.,
 
 9 B.R. 289 (Bkrtcy.D.N.J.1981). By agreement of the parties, a direct appeal was taken to this Court.
 

 We will affirm the judgment of the Bankruptcy Court on the basis of the well-reasoned opinion of the bankruptcy judge.
 
 See Yobe Electric v. Graybar Electric Co.
 
 
 *209
 

 (In re Yobe Electric),
 
 30 B.R. 114 (Bkrtcy.W.D.Pa.1983).