**In re George E. RIDLEY, Debtor.**

**Bankruptcy No. 383–03009.**

United States Bankruptcy Court,
M.D. Tennessee.

March 19, 1985.

H. Tom Kittrell, Jr., Nashville, Tenn., for Discount Southern Sales, Inc.

Henry Hildebrand, III, Nashville, Tenn., Chapter 13 Trustee.

Edgar Rothschild, III, Nashville, Tenn., for debtor.

### ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the Chapter 13 debtor's objection to a claim filed by a creditor, Discount Southern Sales, alleging a security interest in a 1974 Chevrolet Malibu. The debtor asserts that the creditor failed to properly perfect its security interest and alleges that he can avoid the creditor's security interest pursuant to the avoidance powers under 11 U.S.C. § 544 and § 522(h) (West 1979). The creditor alleges that it properly per-

fected its security interest in said automobile, or, in the alternative, that the debtor has no standing to assert the avoidance powers contained in 11 U.S.C. § 544 (West 1979). Upon consideration of the evidence presented, statements of counsel, stipulations and the entire record, this court concludes that the creditor has a perfected security interest in the debtor's Chevrolet Malibu under 11 U.S.C. § 546(b) (West 1979) and TENN.CODE ANN. §§ 55-3-125 (1980) and 55-3-126 (Supp.1984).

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The parties have stipulated to the facts pertinent to this case. On August 31, 1983, the debtor purchased a 1974 Chevrolet Malibu from the creditor. The creditor loaned the debtor money with which to purchase the automobile in return for a lien on the automobile. On September 29, 1983, the Tennessee Motor Vehicle Division mistakenly issued a certificate of title to the debtor which showed no liens on the automobile. On the day before the debtor filed his Chapter 13 petition, November 3, 1983, the Tennessee Motor Vehicle Division issued a letter to the debtor stating that the Division failed to show a lien in favor of the creditor and that the certificate of title had been suspended and should be returned to the Division for correction. On November 4, 1983, the debtor filed its Chapter 13 petition. After the bankruptcy filing, the creditor contacted the Tennessee Motor Ve-

hicle Division seeking to have its lien notated on the certificate of title for the automobile. On January 4, 1984, after the debtor failed to return the suspended certificate of title, the Tennessee Motor Vehicle Division issued a second certificate of title on the automobile noting the creditor's lien. The creditor has filed a proof of claim with this court stating that it holds a secured claim in the amount of $1,480.

The debtor does not object to the amount of the creditor's claim but objects to the creditor's assertion that it is secured. The debtor argues that since the creditor's lien was not noted on the Malibu certificate of title at the time of the filing of the bankruptcy petition, the lien was unperfected and is avoidable pursuant to 11 U.S.C. § 544 and § 522(h) (West 1979).

The creditor responds by asserting that its post-petition perfection creates a valid security interest. In the alternative, the creditor argues that the debtor has no standing to assert a trustee's strongarm powers under 11 U.S.C. § 544 (West 1979).[1]

In the majority of cases dealing with perfections of liens, the court must look solely to the date of the filing of the bankruptcy petition and determine whether a creditor has perfected its lien. However, a few liens exist which under state law are deemed effective prior to the date on which they are finally perfected. In 11 U.S.C. § 546(b) (West 1979), the Bankruptcy Code has recognized that liens which relate back

1. Due to this court's holding that the creditor has a properly perfected security interest, the court will not address the creditor's argument that the debtor has no standing to assert a trustee's strongarm powers under 11 U.S.C. § 544. A number of courts, however, have addressed this issue.

Many courts have concluded that a Chapter 13 debtor has much the same duties as a Chapter 7 trustee and thus, should be afforded the same avoidance powers. *Berry v. Pattison,* 30 B.R. 36 (Bankr.E.D.Mich.1983); *Russo v. Ciavarella,* 28 B.R. 823 (Bankr.S.D.N.Y.1983). *Accord In re Hall,* 26 B.R. 10, 9 B.C.D. (CRR) 1371 (Bankr.M.D.Fla.1982). *Contra Walls v. Appalachian Tire Products, Inc.,* 17 B.R. 701 (Bankr.S.D.W.Va.1982); *Colandrea v. Colandrea,* 17 B.R. 568 (Bankr.D.Md.1982).

A number of courts have not directly held that a Chapter 13 debtor is entitled to use the avoidance powers set forth in Chapter 5 of the Bankruptcy Code; however, they have afforded the debtor these powers by relying on 11 U.S.C. § 522(h) (West 1979). Section 522(h) allows a debtor to use certain avoidance powers when a trustee fails to avoid an involuntary transfer of property which the debtor could exempt. *See United Penn Bank v. Dudley,* 38 B.R. 666 (Bankr. M.D.Pa.1984); *In re Bennett,* 35 B.R. 357 (Bankr.N.D.Ill.1984); *Federal National Mortgage Association v. Wheeler,* 34 B.R. 818 (Bankr.N.D. Ala.1983); *Marsh v. First National Bank,* 28 B.R. 270 (Bankr.S.D.Ohio 1983).

under state law are effective against a trustee in bankruptcy.[2]

Most of the cases construing § 546(b) deal with postpetition perfection of mechanics' liens. In these cases, the courts have held that a trustee may not avoid a mechanic's lien perfected postpetition when the specific language of the state's mechanic's lien statutes provide that the perfection will relate back to a specific prepetition time. *See Wallingford's Fruit House v. Inhabitants of the City of Auburn,* 30 B.R. 654, 658 (Bankr.D.Me.1983); *Yobe Electric, Inc. v. Graybar Electric Co., Inc.,* 30 B.R. 114 (Bankr.W.D.Pa.1983), *aff'd,* 728 F.2d 207 (3rd Cir.1984); *Armstrong World Industries, Inc. v. James A. Phillips, Inc.,* 29 B.R. 391 (S.D.N.Y.1983); *Meek Lumber Yard, Inc. v. Houts,* 23 B.R. 705 (Bankr.W.D.Mo.1982); *In re Neylon,* 18 B.R. 765 (Bankr.S.D.Ala.1982); *In re Saberman,* 3 B.R. 316, 318 (Bankr.N.D.Ill. 1980).

As this court noted in the case of *Stewart v. Black,* 19 B.R. 468, 472 n. 2 (Bankr. M.D.Tenn.1982), "[t]he legislative history of § 546(b) clearly states that the 'rights granted to a creditor under this subsection prevail over the trustee only if the transferee has perfected the transfer in accord-ance with applicable law, and *that perfection relates back to a date that is before the commencement of the case.*' (Emphasis added.) H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 371...." The legislative history of 11 U.S.C. § 545 (West 1979) also states: "If a transferee is able to perfect under § 546(a) and that perfection relates back to an earlier date, then in spite of the filing of the bankruptcy petition, the trustee would not be able to defeat the lien, because the lien would be perfected and enforceable against a *bona fide* purchaser that purchased the property on the date of the filing of the petition." S.Rep. No. 95–989, 95th Cong., 2nd Sess. 85 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5871.[3]

■ In order to determine whether § 546(b) applies in this case, the court must turn to the Tennessee state law dealing with perfection of a lien on an automobile. The provision regulating certificates of title to motor vehicles are found under Title 55, Chapter 3 of the Tennessee Code Annotated. The section specifically addressing requirements for perfecting liens on motor vehicles are TENN.CODE ANN. §§ 55–3–125 (1980) and 55–3–126 (Supp.1984).[4] Un-

2. 11 U.S.C. § 546(b) (West 1979) provides in relevant part:

"(b) the rights and powers of the trustee under §§ 544, 545, or 549 of this title are subject to any *generally applicable law* that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement."

3. "Although § 546(b) refers to 'any generally applicable law,' it is not meant to 'give the states an opportunity to enact disguised priorities in the form of liens that apply only in bankruptcy cases.'" 4 COLLIER ON BANKRUPTCY § 546.-03, at 546–8 (15th ed. 1984).

4. TENN.CODE ANN. § 55–3–125 (1980) provides in relevant part:

"No conditional sales contract, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, ... shall be valid against the creditors of an owner or subsequent purchasers or encumbrancers until the requirements of this section and § 55–3–126 have been complied with, unless such creditor, purchaser or encumbrancer has actual notice of the prior lien."

TENN.CODE ANN. § 55–3–126 (Supp.1984) provides in relevant part:

"(a) Such filing and the notation of the lien or encumbrance upon the certificate of title as provided in chapters 1–6 of this title shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, to subsequent purchasers and encumbrancers except such liens as may be authorized by law dependent upon possession. Constructive notice shall date from the time of first receipt and filing of the request for the notation of the lien or encumbrance upon the certificate of title by either the division or the county clerk acting as agent for the division, as shown by its endorsements thereon...."

der these Code sections, "perfection of a security interest in a motor vehicle may be effectuated *only* by notation of the lien upon the vehicle's certificate of title." *Coble Systems, Inc. v. Coors of the Cumberland, Inc.,* 19 B.R. 313, 320 (Bankr.M.D. Tenn.1982). *See also Waldschmidt v. Smith (In re York),* 43 B.R. 36, 39 (Bankr. M.D.Tenn.1984). However, as this court noted in the *York* case, Tennessee courts have construed TENN.CODE ANN. § 55–3–126(a) (Supp.1984) as allowing constructive notice of a perfected lien to relate back to the date of the filing of the application for notation of the lien. "... [O]nce a lien has been noted on the title, the date of the commencement of constructive notice is the date of the filing of the application for notation of the lien." *York,* at 38–39. *See Personal Loan and Finance Corp. v. Guardian Discount Co.,* 206 Tenn. 221, 332 S.W.2d 504 (1960); *Gourley v. Chrysler Credit Corp.,* slip op. (Tenn.Ct.App. July 28, 1978). Thus, the law of Tennessee allows a lien on an automobile, once perfected, to relate back to the date of the filing of the application for notation of the lien. Indeed, the Tennessee Supreme Court in the *Personal Loan and Finance Corp.* case held for a creditor whose lien application was filed before the date a judicial lien attached to the automobile but was perfected subsequent to that date.

■ The relation back provisions of Tennessee law allow the creditor in this case to retain its security interest in the debtor's automobile. The application seeking a certificate of title notating a lien in favor of the creditor was filed with the proper authorities before the filing of the bankruptcy petition and was perfected by notation on the certificate of title subsequent to the filing of the bankruptcy petition. Accordingly, under 11 U.S.C. § 546(b) (West 1979), the Chapter 13 debtor may not avoid the creditor's security interest in this vehicle.

The Chapter 13 debtor also argues that the creditor violated the automatic stay by sending a postpetition letter to the Tennessee Department of Motor Vehicles seeking to have its lien notated on the vehicle's certificate of title. Upon examination of 11 U.S.C. § 362 (West 1979), the court determines that the creditor's actions were exempt from the automatic stay.

Under § 362(b)(3), "... any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under § 546(b) of this title ..." is not subject to the automatic stay imposed by § 362(a). Courts construing this provision have held that actions to perfect a lien which relates back to a date prior to the filing of the bankruptcy petition are excepted from the automatic stay. Most of these cases have dealt with mechanic's and materialmen's liens and have held that the filing of notice of the lien or similar action is allowable without relief from the stay. *See Yobe Electric, Inc. v. Graybar Electric Co., Inc.,* 30 B.R. 114 (Bankr.W.D.Pa.1983) *aff'd* 728 F.2d 207 (3rd Cir.1984); *Armstrong World Industries, Inc. v. James A. Phillips, Inc.,* 29 B.R. 391 (S.D.N.Y.1983).

■ On the date before the debtor's bankruptcy, the Tennessee Department of Motor Vehicles suspended the certificate of title on the debtor's vehicle and asked that the title be returned so that the creditor's lien could be noted on that title. Subsequent to the filing of the bankruptcy petition, the creditor sent a letter to the Department of Motor Vehicles requesting that a certificate of title notating the creditor's liens be issued. Since the court has already found that the notation of the creditor's lien on the vehicle certificate of title frustrated any attempt to avoid such perfection under § 546(b), this action was exempted from the provisions of the automatic stay pursuant to § 362(b)(3) (West 1979). Accordingly, the court hereby ORDERS, ADJUDGES and DECREES that the Chapter 13 debtor's objection to the creditor's claim is hereby DENIED.

IT IS, THEREFORE, SO ORDERED.