NATHANIEL R. JONES, Circuit Judge.
Stephen Palmer, the Trustee of the estate of Robert and Linda Griggs (“Debtors”), appeals from the district court’s order reversing the decision of the bankruptcy court and allowing the plaintiff-appellee, Vanderbilt Mortgage and Finance, Inc. (“Vanderbilt”), to complete perfection of its security interest in the Debtors’ mobile home pursuant to Ky.Rev.Stat.Ann. § 186A.197(1) (Michie/Bobbs-Merrill 1989). Because we agree that the bankruptcy court erred in precluding Vanderbilt from perfecting its claim, we affirm.
I.
On April 28, 1984, Debtors purchased a mobile home from Clayton Homes of Knoxville, Tennessee, pursuant to a security agreement entered into by those parties on that date. Nine days later, Vanderbilt, as assignee of Clayton Homes, filed a financing statement with the Clerk of Clark County, Kentucky, the county in which the Debtors resided at the time of the purchase. Upon the filing of this statement, the Clerk should have noted Vanderbilt’s lien on the certificate of title to the mobile home, thus perfecting Vanderbilt’s lien. On June 8, 1984, however, the Transportation Cabinet of the Commonwealth of Kentucky issued a certificate of title to the Debtors with no liens shown thereon. It appears that the failure to note Vanderbilt’s lien was an oversight on the part of the County Clerk.
Five years later, on November 27, 1989, the Debtors commenced Chapter 7 bankruptcy proceedings and listed Vanderbilt as a secured creditor with a lien on the Debtors’ mobile home. In December of 1989, the Trustee received from Vanderbilt an agreed order and a letter requesting that the Trustee sign the order abandoning any interest in the mobile home. The Trustee declined to sign the agreed order on the grounds that no proof of claim had been filed and that it appeared that Vanderbilt’s security interest had not been properly perfected under Kentucky law. Vanderbilt filed a proof of claim on or about December 20, 1989.
An agreed order was entered by the bankruptcy court on February 21, 1990, allowing Vanderbilt to take possession of the mobile home and retain it for safekeeping. Vanderbilt moved the bankruptcy court for relief from the automatic stay on the Debtors’ estate, which was triggered by their bankruptcy petition, in order to enforce its security interest in the mobile home. Vanderbilt asserted that it was entitled to correct the erroneous issuance of the “clean” title certificate pursuant to Ky. Rev.Stat.Ann. § 186A.197(1) (Mi-chie/Bobbs-Merrill 1989), that such correction would relate back to the date of filing of the financing statement, and that the correction was effective against the Trustee under 11 U.S.C. § 546(b) (1988). An agreed order was entered by the bankruptcy court on August 7, 1990, ordering Vanderbilt to sell the mobile home in a commercially reasonable manner and to forward to the Trustee the proceeds of the sale, which were to be held pending determination of Vanderbilt’s motion for relief from the automatic stay. On February 1, 1991, the bankruptcy court denied Vanderbilt’s motion for relief and held that Vanderbilt’s claim should be allowed as an unsecured claim.
Vanderbilt appealed to the district court, which reversed the decision of the bankruptcy court. The district court held that Ky.Rev.Stat.Ann. § 186A.197(1) is the type *56 of statute contemplated by 11 U.S.C. § 546(b) and ordered that Vanderbilt be allowed to complete perfection of its security interest. The Trustee filed a timely appeal to this Court on June 25, 1991.
II.
The specific question before this Court is whether the district court erred in holding that Ky.Rev.Stat.Ann. § 186A. 197(1) (Michie/Bobbs-Merrill 1989) falls within the purview of 11 U.S.C. § 546(b) (1988).[1] Because this case presents an issue of statutory interpretation, which is a question of law, our review of the district court’s decision is de novo. See United States v. Brown, 915 F.2d 219, 223 (6th Cir.1990).
We begin by examining the texts and purposes of the two statutes at issue in this case. The Kentucky statute reads as follows:
If a Kentucky certificate of title is outstanding as of March 31, 1988, without the notation of a valid lien representing a security interest perfected under this chapter, the transportation cabinet upon application of either the secured party or the debtor shall cancel the current certificate of title and issue a new certificate of title with the lien noted thereon. The security interest represented by the lien shall be considered perfected as of the original date of filing of the title lien statement or financing statement.
Ky.Rev.Stat.Ann. § 186A.197(1). The Kentucky statute was enacted to protect creditors in situations such as the one in which Vanderbilt now finds itself. In 1982, Kentucky converted to a new title system for motor vehicles, under which the secured creditor must perfect its security interest by noting the lien on the certificate of title to the motor vehicle. The conversion to the new system created many problems because the county clerks often failed to note liens on the certificates of title. Section 186A.197(1) is intended to allow creditors to correct such mistakes.
Section 546(b), in contrast, is a provision that limits the otherwise extensive powers of a trustee to avoid liens and transfers of property from a debtor’s estate:
The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.
*57 11 U.S.C. § 546(b). When a certain type of state law provides a creditor with an “opportunity to perfect his lien against an intervening interest holder, then funder § 546(b),] he may perfect his interest against the trustee.” H.R.Rep. No. 595, 95th Cong., 1st Sess. 371 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6327.
The parties dispute whether section 186A.197(1) is the type of state statute to which § 546(b) refers. The Trustee argues that it is not. Deriving his arguments from the holding of the bankruptcy court below, he argues that § 546(b) applies only to state statutes that fix a time limit within which the action of the creditor must occur, which the Kentucky statute does not do. He further contends that these state statutes must specifically accord priority retroactively, which he also claims that the Kentucky statute does not do.
Conversely, Vanderbilt urges us to find that section 186A.197(1) is the type of statute referred to in § 546(b). Vanderbilt argues that § 546(b) does not mandate that the state statute have a time limit, but rather requires only that the statute be a “generally applicable law,” and that it provide for the delayed perfection to relate back to a pre-petition date, both of which requirements, Vanderbilt contends, are met by section 186A.197(1).
In our view, Vanderbilt’s arguments are more persuasive. First, Vanderbilt argues correctly that there is no time-limit requirement under § 546(b). The Trustee’s argument to the contrary is based on the wording of the second sentence of the section, which provides that, where seizure or the commencement of an action is necessary to perfect a valid lien, and where a bankruptcy petition has been filed, the interest must be perfected by giving notice to the Trustee “within the time fixed by such law for such seizure or commencement.” 11 U.S.C. § 546(b). Vanderbilt is correct in noting that nothing in this language indicates that it should be applied to the first sentence, which concerns perfection processes that do not involve seizures or court actions. Because the Kentucky statute that applies to Vanderbilt’s lien is of the type dealt with in the first sentence, no time-limit requirement applies to the statute.[2]
The two reported cases upon which the Trustee relies do not hold that there must be a time-limit requirement in the state statute for § 546(b) to apply, but rather simply address state statutes that, coincidentally, do include a time limit. See Marietta Baptist Tabernacle v. Tomberlin Assocs., Architects (In re Marietta Baptist Tabernacle, Inc.), 576 F.2d 1237, 1240 (5th Cir.1978) (discussing Georgia law); In re Fiorillo & Co., 19 B.R. 21, 22-24 (Bankr.5.D.N.Y.1982) (addressing New York Mechanics’ Lien). Likewise, although Congress, in giving an example of how § 546 operates, uses state statutes that have time limits, see House Report 595, supra, at 371, 1978 U.S.C.C.A.N. at 6327, nothing in the legislative history indicates that a time limit is a prerequisite to the statute’s applicability.
The Trustee does cite two unreported cases from the bankruptcy court, which are directly on point and support the proposition that Vanderbilt’s interest cannot be perfected post-petition pursuant to the Kentucky law. We do not find the cases persuasive, however. The first, Higgsaon v. Hyden Citizens Bank (In re Farmer), No. 88-00417, 1989 WL 306192 (Bankr.E.D.Ky. Nov. 6, 1989), does not even consider the relation of § 546 to the operation of section 186A.197(1). See id., slip op. at 6. The second, In re Meek, No. 89-01618 (Bankr.E.D.Ky. Jan. 16, 1991), relied primarily on Farmer. See id., slip op. at 2-3. The Meek court did discuss § 546; however, it held that the Kentucky statute was not a generally applicable law because it has no time limit on perfection and does not provide for retroactive priority. Id. at 3. As we have discussed, the more persuasive argument is that no time-limit requirement exists; we will address and reject Meek’s remaining contentions infra.
Significantly, in In re Ridley, 50 B.R. 51 (Bankr.M.D.Tenn.1985), the facts of which *58 are on all fours with the instant case, the court ruled that the creditor had rightfully obtained a corrected certificate of title post-petition under § 546(b). Id. at 54. The Tennessee statute employed by the creditor had no time limit. We find the reasoning of Ridley persuasive. Moreover, the leading bankruptcy treatise states, in its discussion of § 546, that “[t]here is no time limit other than as provided under nonbankruptcy law.” 4 Collier on Bankruptcy ¶ 546.03[2] (Lawrence P. King ed. 1992). This passage clearly indicates that, if the state law at issue does not set forth a time limit, § 546(b) neither imposes one of its own, nor does it require such a limit as a condition of its applicability.
Vanderbilt also argues that the Kentucky statute provides, on its face, for the relation back of priority for the corrected liens. Section 186A.197(1) provides that whenever a valid lien was not recorded, and either the secured party or the debtor has applied to the transportation board for correction of the mistake, “[t]he security interest represented by the lien shall be considered perfected as of the original date of filing of the title lien statement or financing statement.” Ky.Rev.Stat.Ann. § 186A.197(1). Insofar as priority depends solely upon the date of perfection and the lien is “considered perfected” on the original date of filing, as under this statute, absent any mistake, the priority clearly relates back. Under section 186A.197(1), therefore, Vanderbilt’s lien would be considered perfected as of May 7, 1984, the date it filed its financing statement with the county clerk. For these reasons, the Trustee’s contention that the priority does not expressly relate back is without merit.
Finally, Vanderbilt argues that section 186A.197(1) is a “generally applicable law,” as required by § 546(b). Congress defined this phrase in the legislative history of § 546(b):
The phrase “generally applicable law” relates to those provisions of applicable law that apply both in bankruptcy cases and outside of bankruptcy cases.... The purpose of the subsection is to protect, in spite of the surprise intervention of bankruptcy petition[s], those whom State law protects by allowing them to perfect their liens or interests as of an effective date that is earlier than the date of perfection. It is not designed to [] give the States an opportunity to enact disguised priorities in the form of liens that apply only in bankruptcy cases.
House Report 595, supra, at 371, 1978 U.S.C.C.A.N. at 6327. Because section 186A. 197(1) applies uniformly, not only in bankruptcy cases, it is a generally applicable law under § 546(b). As we discussed earlier, the purpose of section 186A.197(1) is to allow for the correction of mistakes occurring as a result of Kentucky’s conversion to a new title system. It clearly applies in all cases, including non-bankruptcy cases, in which such a mistake was made.[3]
III.
For the foregoing reasons, the district court’s judgment is AFFIRMED.

. We confine our analysis in this case to the issue of whether Vanderbilt, as a secured creditor, may perfect its interest in the Debtors’ mobile home post-petition under § 186A.197(1) without violating § 546(b) of the Bankruptcy Code. We recognize that permitting post-petition perfection in this case may raise a preference problem under 11 U.S.C. § 547(e)(2)(C) (1988) since perfection was completed more than five years after Vanderbilt filed a financing statement. Section 547 generally limits post-petition perfection of a security interest to ten days within the date that a transfer takes effect between the parties. Id. Because the parties did not brief or argue the preference issue, however, we do not resolve that issue in this decision.
In addition, we question whether Vanderbilt’s lien on the mobile home needed to be noted on the certificate of title to be perfected. We have found Kentucky authority suggesting that a notation on the certificate of title is not required to complete perfection on a mobile home. See 1985-1987 Op. Att’y Gen.Ky. No. 87-61 (1987) (stating that a mobile home resting on a permanent, fixed foundation and from which wheels or mobile parts have been removed is classified as real estate, and perfection does not require that a security interest be noted on its title); see also Vanover v. Bank of Alexandria, 644 S.W.2d 948, 949 (Ky.Ct.App.1983) (holding that house trailer being used in one location as permanent dwelling was excepted from motor vehicle security perfection requirements). The record reveals little about the Debtors’ use of the mobile home; however, its dimensions (fourteen feet by seventy-six feet) suggest that it is less than mobile. Consequently, it is possible that Vanderbilt’s security interest was perfected at the moment of filing.

. In so holding, we express no opinion on whether the second sentence of § 546(b) places a time-limit requirement upon state statutes to which it applies.

. We find additional support for our holding in this case in 11 U.S.C. § 362(b)(3) (1988), which creates an exception to the automatic stay. Section 362(b)(3) provides that the automatic stay does not operate against "any act to perfect an interest in property to the extent that the trustee’s rights and powers are subject to such perfection under section 546(b) of this title ...” 11 U.S.C. § 362(b)(3) (1988). As the district court noted, that section therefore permits Vanderbilt to perfect its lien without the granting of its motion.